UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:04-CR-178 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| CLIFTON OMAR ROBINSON | ) | |
| | ) | |

## **M E M O R A N D U M**

Before the Court is Defendant Clifton Omar Robinson's ("Defendant") objection to the Report and Recommendation ("R&R") filed by United States Magistrate Judge William B. Mitchell Carter. Defendant filed several motions to suppress (Court File Nos. 18, 20, 30) which the Court referred to Magistrate Judge Carter for the purpose of conducting an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). On December 22, 2005, Judge Carter issued his report and recommendation and recommended Defendant's motion be denied (Court File No. 45).

Defendant filed his objection to the R&R within the ten-day period, arguing its recommended ruling incorrectly concludes: (1) Defendant's statement concerning his possession of a small amount of marijuana in his house for personal use was given freely and voluntarily; (2) at the time of his statements, Defendant was not seized within the meaning of the Fourth and Fifth Amendments; and (3) Defendant was not entitled to his Miranda warnings prior to giving his statement regarding marijuana (Court File No. 46). Defendant's objection also requests a *de novo* hearing. For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R and will **DENY** Defendant's motions to suppress and Defendant's request for a *de novo*

hearing.

I. **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

II. **FACTS**

Magistrate Judge Carter at some length recounted the facts developed at the evidentiary hearing and set out those facts in his R&R (R&R at 1-3). In fact Judge Carter held two separate evidentiary hearings, one on February 16, 2005 and one on December 13, 2005. At the first hearing only McMinn County Tennessee Deputy Sheriff Ken Pruitt testified. At the second McMinn County Sheriff's Deputy B.J. Johnson and Special Agent Paris Gillette of the Bureau of Alcohol, Tobacco, and Firearms testified. Defendant has not objected to the magistrate judge's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** by reference the magistrate judge's statement of facts in his R&R (Court File No. 45, pp. 1-6).

III. **ANALYSIS**

Defendant's three objections to the R&R assert the magistrate judge incorrectly held that Defendant's pre-Miranda statements to Deputies Pruitt and Wilson were given freely and voluntarily (Court File No. 46). Specifically, Defendant objects to "the conclusion that Mr. Robinson's encounter with the officers in the Jiffy Store parking lot was a consensual encounter which does not

2

amount to a Fourth or Fifth Amendment seizure" (*Id*. at 1).

Under *Terry v. Ohio*, 392 U.S. 1 (1968), "where a law enforcement officer lacks probable cause, but possesses a reasonable and articulable suspicion that a person has been involved in criminal activity, he may detain the suspect briefly to investigate the suspicious circumstances." *United States v. Bentley*, 29 F.3d 1073, 1075 (6th Cir. 1994). "[A]n investigative detention is permissible when it is based upon 'specific and articulable facts which, taken together with rational inferences from those facts,' give rise to a reasonable suspicion that the individual is, was, or is about to be engaged in criminal activity." *United States v. Hurst*, 228 F.3d 751, 757 (6th Cir. 2000). The decision to conduct a *Terry* stop should not be based merely on an "inchoate and unparticularized suspicion or hunch," but the necessary level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. *United States v. Foster*, 376 F.3d 577, 585 (6th Cir. 2004). Although the proponent of a motion to suppress generally bears the burden of establishing his or her Fourth Amendment rights were violated by a challenged search or seizure, *Rakas v. Illinois*, 439 U.S. 128, 130 n. 1 (1978), it is the Government's burden to demonstrate by a preponderance of the evidence a particular seizure was based on either probable cause or reasonable suspicion. *United States v. Baldwin*, 2004 WL 2591245, *6 (6th Cir. Nov. 12, 2004) (slip opinion); *United States v. Winfrey*, 915 F.2d 212, 216 (6th Cir. 1990); *United States v. Townsend*, 138 F. Supp. 2d 968, 972-73 (S.D. Ohio 2000).

The Fifth Amendment requires Miranda warnings be given where a person is subject to custodial interrogation. *Dickerson v. United States*, 530 U.S. 428 (2000); *Oregon v. Mathiason*, 429 U.S. 492, 494 (1977). For Fifth Amendment purposes, "the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal

3

arrest." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam). "The very nature of a Terry stop means that a detainee is not free to leave during the investigation, yet is not entitled to Miranda rights." *United States v. Swanson*, 341 F.3d 524, 528 (6th Cir. 2003). Coercive environments not rising to the level of formal arrest do not constitute custody within the meaning of *Miranda. United States v. Phillip*, 948 F.2d 241, 247 (6th Cir. 1991).

In determining whether a defendant was subject to custodial interrogation we look to the totality of the circumstances "to determine 'how a reasonable man in the suspect's position would have understood the situation.'" *Swanson,* 341 F.3d at 528. Here, Defendant's statement regarding his possessing marijuana at his home for personal use was not made during or subsequent to any restraint on freedom of movement associated with a formal arrest. Defendant was placed in the police car only after he made the statement regarding the marijuana possession. Therefore, the Court finds there was no Fifth Amendment seizure when Defendant made his statement.

As the R&R correctly states, this encounter appears to have been a consensual encounter which does not amount to a Fourth Amendment seizure. *United States v. Erwin*, 155 F.3d 818, 823 (6th Cir. 1998) ("A law enforcement officer does not violate the Fourth Amendment merely by approaching an individual, even when there is no reasonable suspicion that a crime has been committed, and asking him whether he is willing to answer some questions.") The encounter at most constituted a valid *Terry* stop adequately supported by reasonable suspicion based upon information obtained from Defendant's girlfriend Latoya Gallaher and her friend Jamaica Scruggs.

The Court finds no Fourth or Fifth Amendment violation. Therefore the Court will **DENY** Defendant's motions to suppress (Court File Nos. 18, 20, 30) and Defendant's request for a *de novo* hearing (Court File No. 46).

4

## IV. CONCLUSION

For the reasons stated above, the Court has determined the magistrate judge's analysis is correct. Following those findings, the Court will **ACCEPT** and **ADOPT** the magistrate judge's determination the evidence obtained as a result of Defendant's pre-Miranda statements and the subsequent searches of Defendant's house and car should not be suppressed. The Court will **DENY** Defendant's motion to suppress and Defendant's request for a *de novo* hearing.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**