UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:04-CR-178 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CLIFTON OMAR ROBINSON ) | |

**MEMORANDUM AND ORDER**

Before the Court is a motion for judicial inquiry filed by the Government (Court File No. 50) on March 10, 2006, the date of Defendant Clifton Omar Robinson's ("Defendant Robinson") Final Pretrial Conference. In its motion, the Government argues Defendant Robinson's current counsel may have a conflict of interest in his concurrent representation of a defendant in a separate, unrelated criminal cases, Cornell Perry Gunter[1] ("Defendant Gunter"), and cannot continue to represent Defendant Robinson. Defendant Robinson filed a response in opposition to the Government's motion (Court File No. 56) denying any conflict that would warrant disqualification of counsel. On March 20, 2006, the Government notified the Court it did not intend to file a reply brief.

In a motion for judicial inquiry, the burden is on the party requesting inquiry to allege sufficient facts to show a serious potential for conflict to warrant the inquiry. The judicial inquiry into a motion by the Government to disqualify a criminal defendant's counsel ordinarily requires an evidentiary hearing. *United States v. Mays*, 69 F.3d 116, 121 (6th Cir. 1995). When facts alleged

---

[1] Defendant Gunter is separately charged in a five-count indictment in Case No. 1:05-CR-149.

in the motion fail to disclose an actual or potential conflict of interest, a hearing is not required.

After reviewing the record, the Court concludes it is not necessary to conduct an evidentiary hearing because the Government's motion does not seek to disqualify counsel and because the motion fails to articulate facts which would warrant such an inquiry. The Government's motion alleges Defendant Robinson and Defendant Gunter are "very good friends" who allegedly sold cocaine together in the past. However, the Government does not allege, nor is there any no evidence to show, Defendant Gunter intends to testify against Defendant Robinson in the trial scheduled to begin Monday, March 27, 2006. Nor does the Government have adequate evidence at this early point that either Defendant Robinson or Gunter are interested in cooperating with the Government against the other, whether at a trial or at sentencing.

Accordingly, the Court **DENIES** the Government's motion for a judicial inquiry (Court File No. 50). Of course, if, later on, the Government possesses additional facts to suggest either an actual conflict or a serious potential for a conflict of interest, the Government is free to file an appropriate motion.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**